IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL JAMES TREBAS,

     Petitioner,          No. CIV S-10-0451 GGH P

  vs.

STEPHEN MAYBERG,

     Respondent.        ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on the original petition filed February 9, 2010. Petitioner challenges his June 24, 2002 conviction in the Sacramento County Superior Court for failing to register as a sex offender, for which he was sentenced to two years and eight months in state prison.

        On April 30, 2010, respondent filed a motion to dismiss the petition on the ground that it is time-barred. Having reviewed the record before it, however, the court is not prepared to issue a ruling on statute of limitations grounds, as it is not clear whether, or why, petitioner was "in custody" for his 2002 conviction for failure to register in early 2010, when he filed the instant petition.

        The record currently before the court indicates as follows:

1

1  On June 24, 2002, in the Sacramento County Superior Court, petitioner pled no
2  contest to the charge of failing to register as a sex offender.[1] (Reply In Supp. of Motion to
3  Dismiss (hereinafter, Reply), Exh. B (minute order and plea form with petitioner's fingerprint,
4  dated June 24, 2002); id., Exh. C (reporter's transcript of change of plea/sentencing hearing on
5  June 24, 2002); see also Resp't's Lod. Doc. 1 (abstract of judgment).)  He was sentenced to a
6  state prison term of two years and eight months.  (Resp't's Lod. Doc. 1.)

7  Underlying petitioner's 2002 conviction for failure to register was his 1991 guilty
8  plea to a violation of California Penal Code section 288.5 (continuous sexual abuse of a minor)
9  in the Fresno County Superior Court, Case No. 443581-4.  For this offense, petitioner was
10 sentenced to 16 years in state prison and required to register as a sex offender.  (Reply, Exh. D
11 (plea forms and abstract of judgment dated October 22, 1991.)

12 Petitioner did not file a direct appeal of his 2002 conviction, but subsequently
13 filed two habeas petitions concerning this conviction in the state courts.  He filed his first petition
14 in the Sacramento County Superior Court on April 5, 2009.  (Resp't's Lod. Doc. 2.)  On May 26,
15 2009, the superior court denied the petition, ruling that it was untimely under state law. (Resp't's
16 Lod. Doc. 3 at 6, citing In re Robbins, 18 Cal. 4th 770, 811-812 (1998); In re Clark, 5 Cal. 4th
17 750, 774-775 (1993)).

18 Petitioner filed his second petition for writ of habeas corpus in the California
19 Supreme Court on September 24, 2009.  (Resp't's Lod. Doc. 4.)  The supreme court denied the
20 petition on December 17, 2009, also citing In re Robbins, supra.  (Resp't's Lod. Doc. 5.)

21 Respondent also describes a third petition filed in the California Supreme Court
22 on January 10, 2010 and summarily denied on February 8, 2010. (Resp't's Lod. Docs. 6, 7.)
23 Petitioner points out that these proceedings concerned a separate challenge to petitioner's civil

---

[1] Petitioner's claim that he was not in court when the plea was entered is belied by documents submitted along with respondent's reply, which show that petitioner was present in court and voluntarily accepted the plea.

commitment as a mentally disordered offender under Cal. Penal Code section 2962. (Opp. at 2.) The circumstances and timing of petitioner's civil commitment are only hinted at in the record before the court, adding further confusion as to the basis for petitioner's incarceration in February 2010, when he filed the instant petition. (See Resp't's Lod. Doc. 3 at 1-2 (superior court notes in 2009 that petitioner was apparently "committed as a mentally disordered offender (MDO)" pursuant to another case); Resp't's Lod. Doc. 6 at 3 (petitioner states in January 2010 petition to California Supreme Court that "[i]n 2005 the San Luis Obispo Superior Court committed petitioner to Atascadero State Hospital based on an adjudicated schizoaffective disorder which was diagnosed in remission in October, 2005 and removed in February, 2008.").) The court notes that petitioner was an inmate at Atascadero State Hospital at the time he filed the instant petition. (Ptn. at 1.) It is unclear how this fact relates to petitioner's 2002 conviction for failure to register as a sex offender.

        Accordingly, IT IS HEREBY ORDERED that:

        1. Respondent shall brief the issue of whether petitioner was in custody, as that term is defined in habeas practice, at the time the petition was filed, and if so, where and on what basis. Petitioner's brief shall be due within twenty-eight days of this order.

DATED: 12/15/2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:0014
treb0451.ord