IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL JAMES TREBAS,

        Petitioner,             No. CIV S-10-0451 GGH P

    vs.

STEPHEN MAYBERG,

        Respondent.        <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        This is a federal habeas action filed by a pro se state prisoner pursuant to 28 U.S.C. § 2254.  The action is proceeding on the original petition filed February 9, 2010, in which petitioner challenges his June 24, 2002 conviction in the Sacramento County Superior Court for failing to register as a sex offender.  On April 30, 2010, respondent filed a motion to dismiss the petition on the ground that it was time-barred.  On December 15, 2010, this court declined to rule on whether the petition was time-barred because it was not clear whether petitioner was "in custody," as that term is defined in habeas practice, at the time the instant petition was filed.  The undersigned ordered the parties to brief that issue.  Petitioner filed a responsive brief on January 3, 2011, and respondent filed a responsive brief on February 11, 2011.

/////

1

1     Respondent's brief and the attached exhibits indicate as follows: For his 2002

2 conviction for failing to register as a sex offender, petitioner was sentenced to a term of two years

3 and eight months in state prison.  (Respondent's Feb. 11, 2011 Response, Ex. B.)  Accordingly,

4 petitioner was transferred to CDCR on June 26, 2002 and paroled from state prison on August

5 28, 2004.  (Id., Ex. C.)  He was fully discharged from the custody of CDCR on August 28, 2007,

6 long before the instant petition was filed.  (Id.)

7     The federal writ of habeas corpus is only available to persons "in custody" at the

8 time the petition is filed.  See 28 U.S.C. §§ 2241(c), 2254(a); Carafas v. LaVallee, 391 U.S. 234,

9 238, 88 S.Ct. 1556 (1968).  This requirement is jurisdictional.  Id.  A petitioner who files a

10 habeas petition after he has fully served his sentence and who is not subject to court supervision

11 is not "in custody" for the purposes of this court's subject matter jurisdiction and his petition is

12 therefore properly denied.  See De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990).

13     Here, petitioner was not "in custody" for his 2002 conviction at the time of filing

14 the instant petition.  The record before the undersigned indicates that, in August 2004, the Board

15 of Parole Hearings found that petitioner met the criteria for treatment as a mentally disordered

16 prisoner as a condition of parole pursuant to California Penal Code § 2962.  (Id., Ex. D.)  The

17 certifying offense was petitioner's 1991 conviction for continuous sexual abuse of a minor under

18 age 14, not petitioner's 2002 conviction for failure to register as a sex offender.  (Id.)  Indeed,

19 failure to register as a sex offender is not listed among the enumerated offenses that can trigger

20 civil commitment as a mentally disordered prisoner.  See Cal. Penal Code § 2692(e).  Petitioner

21 states that, as a result of his civil commitment, he is still in the custody of Atascadero State

22 Hospital.  (Petitioner's Jan. 3, 2011 Response at 3.)  Be that as it may, petitioner's ongoing civil

23 commitment cannot serve as a basis for the instant habeas action challenging his 2002 conviction

24 for failure to register as a sex offender.  Accordingly, this action should be dismissed for lack of

25 jurisdiction.

26 /////

For the foregoing reasons, IT IS HEREBY RECOMMENDED THAT:

1. Petitioner's February 22, 2010 petition for habeas corpus (Doc. No. 1.) be denied for lack of jurisdiction; and

2. Respondent's April 30, 2010 motion to dismiss (Doc. No. 9) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 22, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:0014
treb0451.ord3

3